FILED
HARRISBURG, PA

JUL 25 2024

/s/ 
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*ex rel.* VERITY INVESTIGATIONS, LLC,<br><br>*Plaintiff/Relator*,<br><br>v.<br><br>ESSINTIAL ENTERPRISE SOLUTIONS LLC,<br><br>*Defendant.* | Case No. 1:24-cv-1239<br><br>**ORIGINAL COMPLAINT FOR VIOLATIONS OF THE FEDERAL FALSE CLAIMS ACT, 31 U.S.C. § 3729** *et seq.*<br><br>**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**<br><br>**DO NOT PLACE IN PRESS BOX**<br><br>**Jury Trial Demanded** |

1

## *QUI TAM* COMPLAINT

### I. INTRODUCTION

1. This is a *qui tam* case, filed on behalf of the federal government, seeking to recover $2 million (plus mandatory trebling) that Defendant wrongfully obtained in the form of a federal guaranteed loan by falsely certifying that it had fewer than 300 employees. That loan was later forgiven, and the federal government paid the bill.

2. The loan in question was provided by the Small Business Administration's ("SBA's") Paycheck Protection Program ("PPP"). The PPP was created by Congress near the start of the COVID-19 epidemic in the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") in 2020, and then received additional funding ($284 billion) in December 2020 in the "Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act."[1] 15 U.S.C. § 636(a)(37).

3. In early 2021, SBA authorized a second series of PPP loans, widely referred to as "Second Draw" PPP loans. This case involves a false application for a Second Draw PPP loan.

4. The Second Draw PPP loans were made available only to "small" businesses. The SBA established a clear, bright-line rule for who counted as "small." Applicants were required to certify, in their application, that they (both the applicant and its affiliates) collectively employed 300 or fewer persons.[2]

5. Defendant falsely certified to the SBA that it had 283 employees. As a direct result of that false statement, Defendant obtained a Second Draw PPP loan of $2,000,000.00, which was later forgiven.

---

[1] SBA INSPECTOR GENERAL INSPECTION REPORT, The Small Business Administration's Implementation of Recommended Controls and the Economic Aid Act (Aug. 12, 2021), https://www.sba.gov/sites/sbagov/files/2021-08/SBA%20OIG%20Report%2021-19.pdf.

[2] SMALL BUSINESS ADMINISTRATION, Second Draw PPP loan, https://www.sba.gov/funding-programs/loans/covid-19-relief-options/paycheck-protection-program/second-draw-ppp-loan.

6. Relator is an outside investigative company that detected Defendant's fraud by reviewing the Form 5500 that Defendant's employees' 401(k) plan filed with the Department of Labor. Those forms indicated that the 401(k) plan had more than 300 "active participants" in each of 2019 and 2020. Because an "active participant" is an employee, these forms' representations to the Department of Labor give the lie to Defendant's false statement to the SBA that it employed fewer than 300 persons.

## II. THE PARTIES

7. Plaintiff Verity Investigations LLC ("Relator") is an investigative firm formed by two professionals with widespread experience in detecting and reporting fraud on the U.S. public fisc.

8. Defendant Essintial Enterprise Solutions, Inc. ("Essintial") is a Delaware limited liability company with its principal place of business in Camp Hill, Pennsylvania.

## III. JURISDICTION AND VENUE

9. This action arises under the laws of the United States to redress violations of the Federal False Claims Act, 31 U.S.C. §§ 3729–33 ("FCA").

10. Subject-matter jurisdiction is conferred by 28 U.S.C. §§ 1331, 1345.

11. Venue is proper, and this Court has personal jurisdiction over Defendant, because Defendant is "found" in this District. 31 U.S.C. § 3732(a).

## IV. THE FALSE CLAIMS ACT

12. The FCA is the primary civil remedial statute designed to deter fraud upon the United States. Its purpose is to "enhance the Government's ability to recover losses sustained as a result of fraud against the Government." S. Rep. No. 99-345, at 1 (July 28, 1986).

13. A defendant violates the FCA when the defendant "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(a)(1)(A).

14. Under the FCA, a claim includes a request for money. 31 U.S.C. § 3729(b)(2). A claim is "false or fraudulent" under the FCA if the entity or person submitting the claim was not entitled to payment.

15. In 2009, Congress amended the FCA through the Fraud Enforcement and Recovery Act of 2009 ("FERA"), Pub. L. No. 111-21 (May 20, 2009), making a defendant liable under the FCA when the defendant "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim." 31 U.S.C. § 3729(a)(1)(B).

16. Under the FCA, the terms "knowing" and "knowingly" mean that the defendant "(i) has actual knowledge of the information; (ii) acts in deliberate ignorance of the truth or falsity of the information; or (iii) acts in reckless disregard of the truth or falsity of the information." 31 U.S.C. § 3729(b)(1)(A).

17. No proof of specific intent to defraud the Government is required to show that a defendant acted knowingly under the FCA. 31 U.S.C. § 3729(b)(1)(B).

18. The terms "knowing," "knowingly," "knowledge," "knows," and "knew," as used in this Complaint, have the meaning ascribed to them by the FCA.

19. The FCA defines the term "material" as "having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property." 31 U.S.C. § 3729(b)(4).

20. The FCA broadly defines a "claim" as "any request or demand . . . for money or property" that: "(i) is presented to an officer, employee, or agent of the United States," or "(ii) is made to a contractor, grantee, or other recipient, if the money or property is to be spent or used on the Government's behalf or to advance a Government program or interest, and if the United States Government (I) provides or has provided any portion of the money or property requested or

demanded; or (II) will reimburse such contractor, grantee, or other recipient for any portion of the money or property which is requested or demanded." 31 U.S.C. § 3729(b)(2).

21. The FCA imposes treble damages plus a civil penalty for each false claim. *See* 31 U.S.C. § 3729(a)(1).

22. The minimum and maximum civil penalty amounts are adjusted for inflation each successive year under the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015, Pub. L. No. 114-74, § 701, 129 Stat. 584, 599–601 (2015). *See* 28 C.F.R. § 85.5 (identifying applicable inflation adjustments on an annual basis); 31 U.S.C. § 3729(a)(1).

23. As of February 12, 2024, courts must assess a civil penalty of no less than $13,946 and no more than $27,894 per claim for FCA violations that occurred after November 2, 2015. *See* 28 C.F.R. § 85.5 Table 1.

24. False statements made in a loan application to a third-party lender qualify as "false claims" to the government where, as here, the loan is guaranteed by the federal government and the federal government later repays the lender. *See United States v. Van Oosterhout*, 96 F.3d 1491, 1494 (D.C. Cir. 1996).

V. **NO "PUBLIC DISCLOSURE" AND RELATOR IS AN ORIGINAL SOURCE**

25. On information and belief, no "public disclosure" has been made of Defendant's false statement and fraud detailed herein. 31 U.S.C. § 3730(e)(4)(A).

26. On information and belief, Defendant's fraudulent transactions have not been publicly disclosed in a Federal criminal, civil, or administrative hearing in which the Government or its agent is a party; in a congressional, Government Accountability Office, or other Federal report, hearing, audit, or investigation; or by the news media.

27. Even if there had been a "public disclosure," that would not matter in this case because Relator is an "original source of the information" set forth in this complaint. 31 U.S.C. § 3730(e)(4)(A).

28. Relator's knowledge is independent of and materially adds to any publicly disclosed aspects of the fraudulent transactions described herein. Among other things, Relator has "connected the dots" between (a) Defendant's Form 5500 disclosures and other statements, and (b) Defendant's false certification for the Second Draw PPP loan.

29. Prior to filing this action, Relator voluntarily provided the Government with this complaint and all material evidence in Relator's possession relating to the fraudulent transactions.

## VI. THE SECOND DRAW PPP LOAN PROGRAM

30. To be eligible for a Second Draw PPP loan, borrowers were required to meet three criteria: (1) have "[p]reviously received a First Draw PPP Loan," (2) "[have] no more than 300 employees," and (3) be able to "demonstrate at least a 25% reduction in gross receipts between comparable quarters in 2019 and 2020."[3] 15 U.S.C. § 636(a)(37)(A)(iv).

31. The SBA's website explained the 300-limit to borrowers. This was explained in an overview page of the website[4] and in the online "Frequently Asked Questions" document available on the website.[5]

32. The SBA's FAQ document stated that this limit was "narrower" than the prior 500-employee limit for the earlier First Draw PPP loans.[6]

---

[3] SMALL BUSINESS ADMINISTRATION, Second Draw PPP loan, https://www.sba.gov/funding-programs/loans/covid-19-relief-options/paycheck-protection-program/second-draw-ppp-loan.
[4] SMALL BUSINESS ADMINISTRATION, Second Draw PPP loan, https://perma.cc/R74F-68UQ?type=image (as of March 2021).
[5] SMALL BUSINESS ADMINISTRATION, FAQ for PPP Borrowers and Lenders, https://perma.cc/5Y8K-CR5Y (as of March 2021).
[6] SMALL BUSINESS ADMINISTRATION, FAQ for PPP Borrowers and Lenders, at 29, https://www.sba.gov/document/support-faq-ppp-borrowers-lenders.

33.     The SBA's FAQ document warned borrowers that, unlike with the First Draw PPP loans, borrowers would not be allowed to qualify using "SBA's [other] established size standards (either revenue-based or employee-based) or the alternative size standard."[7]

34.     The SBA's FAQ stated that "borrowers" were "required to apply SBA's affiliation rules under 13 C.F.R. 121.301(f)."[8]

35.     The SBA required borrowers to submit a Borrower Application Form (SBA Form 2483-SD) to a federally insured bank or similar credit institution, which would process the loan application and fund the loan.

36.     The SBA Form 2483-SD required the borrower to state the "Number of Employees (including affiliates, if applicable)."

37.     The SBA Form 2483-SD then required the applicant's authorized representative to certify eligibility by signing a statement that "[t]he Applicant, together with its affiliates (if applicable) . . . employs no more than 300 employees."

38.     The SBA Form 2483-SD also required the applicant's authorized representative to initial to "certify that the information provided in this application . . . is true and accurate," and to acknowledge "that knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law, including under 18 U.S.C. 1001 and 3571 by imprisonment of not more than five years and/or a fine of up to $250,000 . . . ."

39.     The SBA guaranteed 100% of the outstanding balance of Defendant's Second Draw PPP loan. The guarantee was backed by the full faith and credit of the United States. 15 U.S.C. § 636(a)(2)(F).

---

[7] SMALL BUSINESS ADMINISTRATION, FAQ for PPP Borrowers and Lenders, at 29, https://www.sba.gov/document/support-faq-ppp-borrowers-lenders.

[8] SMALL BUSINESS ADMINISTRATION, FAQ for PPP Borrowers and Lenders, at 3, https://www.sba.gov/document/support-faq-ppp-borrowers-lenders.

## VII. DEFENDANT FALSELY CERTIFIED TO THE SBA ITS COMPLIANCE WITH THE SECOND DRAW PPP LOAN SIZE REQUIREMENTS

### A. BACKGROUND

40. Upon information and belief, Defendant Essintial Enterprise Solutions, Inc. ("Essintial") is a limited liability company registered in Delaware[9] and headquartered at 431 Railroad Avenue, Camp Hill, Pennsylvania 17011.[10]

41. Essintial can be validly served with process at 251 Little Falls Drive, Wilmington, DE 19808.[11]

42. Essintial provides services to help businesses develop, deploy, and maintain technology and infrastructure solutions, including customizable IT support solutions for maintenance services, logistics, repair, and project management.[12]

### B. FALSE STATEMENT TO OBTAIN SECOND DRAW PPP LOAN

43. In 2020, Essintial submitted its Borrower Application form for a First Draw PPP loan in the amount of $7,219,800.00. Essintial succeeded in obtaining some portion of the amount it requested.

44. On or about May 10, 2022, after Essintial applied and was approved for a Second Draw PPP loan, the U.S. government forgave a portion of Essintial's First Draw PPP Loan, including interest, in the amount of $3,758,172.72.

45. In 2021, Essintial submitted its Borrower Application form, SBA Form 2483-D, to Loan Source Incorporated in New York, New York to apply for a Second Draw PPP loan.

---

[9] Delaware, Division of Corporations, Essintial Enterprise Solutions LLC, https://icis.corp.delaware.gov/eCorp/EntitySearch/NameSearch.aspx (for File No. 4679353).
[10] Essintial, https://essintial.com/ (listing the "Headquarters" of "Essintial").
[11] Delaware, Division of Corporations, Essintial Enterprise Solutions LLC, https://icis.corp.delaware.gov/eCorp/EntitySearch/NameSearch.aspx (for File No. 4679353).
[12] Essintial, https://essintial.com/about/ (stating its services); LinkedIn, Essintial Enterprise Solutions, LLC, https://www.linkedin.com/company/essintial-enterprise-solutions/about/.

46. On its Form 2483-D, Essintial listed its address as 100 Sterling Pkwy, Suite 307, Mechanicsburg, Pennsylvania 17050-2903.

47. On its SBA Form 2483-D, Essintial represented to the lender and to the U.S. government that it had 283 employees—narrowly under the 300-employee limit needed to be eligible to apply.

48. Essintial's SBA Form 2483-D's representation regarding the total number of its employees was false. Essintial had far more than 300 employees in each of 2019, 2020 and 2021.

49. Essintial deliberately ignored the fact that the total number of its employees numbered in excess of the 300-employee limit for obtaining a Second Draw PPP loan. Essintial signed its false SBA Form 2483-D with knowledge of, or reckless disregard for, the truth.

50. On or about February 5, 2021, Essintial was approved for a Second Draw PPP loan in the amount of $2,000,000.00 by lender Loan Source Incorporated.

51. The U.S. government paid lender Loan Source Incorporated a lender's processing fee of 1% of the $2,000,000.00 loan, in the amount of $20,000.00.[13]

52. On or about June 27, 2022, the U.S. government forgave 100% of Essintial's Second Draw PPP Loan, including interest, in the amount of $2,027,287.67.

C. **EVIDENCE OF MORE THAN 300 EMPLOYEES**

53. On its Borrower Application form to apply for a First Draw PPP loan, Essintial represented to the lender and to the U.S. government that it had 359 employees—under the 500-employee limit needed to be eligible to apply for the First Draw PPP loan but greater than the 300-employee limit needed to be eligible to apply for the Second Draw PPP loan.

---

[13] Paycheck Protection Program (PPP) Information Sheet: Lenders, https://home.treasury.gov/system/files/136/PPP%20Lender%20Information%20Fact%20Sheet.pdf.

54. Additionally, Essintial maintained a 401(k) retirement plan for its employees in each of 2019, 2020 and 2021 (the "Essintial Employee Benefits Plan").

55. The Essintial Employee Benefits Plan was a "single employer" plan, meaning that it provided pension benefits solely to the employees of one employer.[14] That employer was Essintial.[15]

56. In 2019, 2020, and 2021 the Essintial Employee Benefits Plan had the following legal name: Essintial Enterprise Solutions 401K Plan.

57. Each year, the Essintial Employee Benefits Plan was required to file a Form 5500 with the U.S. Department of Labor. That form required the Essintial Employee Benefits Plan to state the "number of active participants" at the beginning and end of the plan year. Form 5500 instructed Essintial that "active participants" are "individuals who are currently in employment covered by the plan and who are earning or retaining credited service under the plan."[16]

58. In 2019, the Essintial Employee Benefits Plan reported 304 active participants at the start and 355 active participants at the end of the year.[17]

59. In 2020, the Essintial Employee Benefits Plan reported 351 active participants at the start and 486 active participants at the end of the year.[18]

60. In 2021, the Essintial Employee Benefits Plan reported 488 active participants at the start and 490 active participants at the end of the year.[19]

---

[14] The plan's Forms 5500 for 2019, 2020, and 2021 all check the box in section A attesting that it was "a single-employer plan."

[15] The plan's Forms 5500 for 2019, 2020, and 2021 all list the "employer" as "Essintial Enterprise Solutions, LLC." All three years' Forms 5500 also give the same Employer Identification Number. The address is listed as One Sterling Parkway, Suite 100, Mechanicsburg, PA 17050. Essintial appears to have been located at this address through at least 2021, see Essintial Managed IT Services, https://essintial.com/wp-content/uploads/2021/04/Essintial_Managed-IT-Services.pdf (listing 100 Sterling Pkwy Ste 307, Mechanicsburg, PA 17050 as address).

[16] Instructions for Form 5500 (2021).

[17] Form 5500, Essintial Enterprise Solutions, LLC (2019).

[18] Form 5500, Essintial Enterprise Solutions, LLC (2020).

[19] Form 5500, Essintial Enterprise Solutions, LLC (2021).

61. Other databases also contradict the representation that Essintial made in its SBA Form 2483-D that it only had 283 employees. For instance, as of March 12, 2024, LinkedIn categorized Essintial as having "501-1000 employees."[20] As of March 18, 2024, ZoomInfo reports Essintial as having "650 employees,"[21] RocketReach reports Essintial as having 342 employees,[22] Apollo.io reports Essintial as having 340 employees,[23] and Zippia reports Essintial as having 500 employees.[24]

62. On information and belief, Essintial's payroll records from 2019, 2020, and 2021 will confirm what Essintial always knew—that it employed well over 300 employees throughout the time period 2019–2021.

## FIRST CAUSE OF ACTION

### Submitting False Claims for Payment
### 31 U.S.C. § 3729(a)(1)(A)

63. Relator repeats, realleges, and incorporates the allegations set forth in the paragraphs above as though fully set forth herein.

64. Defendant violated 31 U.S.C. § 3729(a)(1)(A) by knowingly presenting and/or causing to be presented to the lender a claim for approval of a Second Draw PPP loan.

65. Defendant's knowingly false claim on its SBA Form 2483-SD was material to the lender's decision to issue the Second Draw PPP loan and was material to the SBA's decision to forgive that loan and repay the lender.

---

[20] LinkedIn, Essintial Enterprise Solutions, LLC, https://www.linkedin.com/company/essintial-enterprise-solutions/about/.
[21] ZoomInfo, Essintial Enterprise Solutions, https://www.zoominfo.com/c/essintial-enterprise-solutions-llc/346193727.
[22] RocketReach, Essintial Enterprise Solutions, https://rocketreach.co/essintial-enterprise-solutions-profile_b5d0516cf42e4070.
[23] Apollo.io, Essintial Enterprise Solutions, https://www.apollo.io/companies/Essintial-Enterprise-Solutions/54a11dd769702da753674901?chart=count.
[24] Zippia, Essintial Enterprise Solutions, https://www.zippia.com/essintial-enterprise-solutions-careers-1580777/demographics/.

66.     But for Defendant's knowingly false claim, the lender would not have issued the loan and the SBA would not have forgiven it.

67.     The Second Draw PPP loan that Defendant obtained was money that was intended by the Government to be spent or used to advance the Government's program and interest in assisting qualified and eligible small businesses to survive the COVID-19 epidemic and to continue to employ their workers.

68.     The Second Draw PPP loan that Defendant obtained was money that the Government effectively and in practice provided to the lender, by means of the Government's 100% guarantee to the lender of repayment by the Government in the case of default by the borrower.

69.     The Government later reimbursed the lender 100% of the amount of Defendant's Second Draw PPP loan, with interest.

## SECOND CAUSE OF ACTION

### Creating a False Record or Statement Material to a False Claim
### 31 U.S.C. § 3729(a)(1)(B)

70.     Relator repeats, realleges, and incorporates the allegations set forth in the paragraphs above as though fully set forth herein.

71.     Defendant violated 31 U.S.C. § 3729(a)(1)(B) by knowingly making or causing to be made a false record and statement—namely, its SBA Form 2483-SD and its included certifications—to support a false claim submitted to the lender for approval of Second Draw PPP loan.

72.     Defendant's knowingly false record and statement was material to the lender's decision to issue the Second Draw PPP loan and was material to the SBA's decision to forgive that loan and repay the lender.

73.     But for Defendant's knowingly false record and statement, the lender would not have issued the loan and the SBA would not have forgiven it.

## PRAYER FOR RELIEF

**WHEREFORE**, Relator requests judgment against Defendant for: (i) three times the amount of damages that the United States has sustained (including the full amount of the forgiven Second Draw PPP loan and interest thereon, plus all processing fees paid by the Government); (ii) the maximum civil penalties allowed by law; (iii) an award to Relator for the maximum allowed under 31 U.S.C. § 3730(d); (iv) an award of attorney's fees, costs, and expenses; (v) interest as provided by law; and (vi) any other relief that this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Relator hereby demands a trial by jury.

Date: July 23, 2024                    Respectfully submitted,

/s/ Benjamin R. Grossman
Benjamin R. Grossman (PA Bar ID No. 329219)
**FAEGRE DRINKER BIDDLE & REATH LLP**
One Logan Square, Suite 2000
Philadelphia, Pennsylvania 19103
Telephone: (215) 988-2514
Facsimile: (215) 988-2757
ben.grossman@faegredrinker.com

Stephen Shackelford, Jr. (*to seek pro hac vice*)
Steven M. Shepard (*to seek pro hac vice*)
**SUSMAN GODFREY L.L.P.**
One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
sshackelford@susmangodfrey.com
sshepard@susmangodfrey.com

*Counsel for Relator Verity Investigations, LLC*